UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MASCO OPERATORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-12-152 |
| | § | |
| THOMPSON TRACTOR CO., INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER & OPINION

This litigation arises out of claims by Plaintiff Masco Operators, Inc. that Defendant Thompson Tractors Co., Inc. failed to properly maintain, service, repair and store a Caterpillar model 3412 engine pursuant to an oral contract made in 2006. Masco is a Texas corporation with its principal place of business in Freeport, a city in Brazoria County, Texas; Thompson is an Alabama corporation with its principal place of business in Birmingham, Alabama. Neither party wants to litigate in this Court. Masco seeks to remand the action to state court, arguing that the amount in controversy does not exceed the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Thompson, despite having already removed the case to this Court, seeks to transfer the action to the Southern District of Alabama pursuant to 28 U.S.C. §§ 1406(a) or 1404(a), arguing that the present venue is improper, or at least inconvenient.

Having reviewed the parties' briefs and submissions and the applicable law, the Court **DENIES** Masco's Motion to Remand because Thompson has adequately demonstrated that the amount in controversy exceeds $75,000. The Court also **DENIES** Thompson's Rule 12 Motion to Dismiss and Transfer Venue or, in the Alternative, Motion to Transfer Venue, because venue is proper under 28 U.S.C. § 1441 and a balancing of private and public factors does not support transfer on convenience grounds.

### I.      Masco's Motion to Remand

Masco is in the odd, but not uncommon, position of a plaintiff who seeks to minimize its alleged damages in order to escape federal jurisdiction. Federal district courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). If the requirements of Section 1332(a) are not met in a removed diversity case, the district court must decline jurisdiction. *See* 28 U.S.C. § 1441. As defined by Section 1332(c), and undisputed by the parties, Masco is deemed a citizen of Texas and Thompson a citizen of Alabama. Thus, the only issue with respect to remand is whether the amount in controversy exceeds $75,000 exclusive of interests and costs.

The Fifth Circuit has established a "clear analytical framework" in resolving such disputes regarding the amount in controversy for actions removed from state

courts pursuant to diversity jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). When the plaintiff's complaint does not allege a specific amount of damages—as is the case with Masco's petition—the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The defendant can show that the amount in controversy is greater than $75,000 if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

Once the defendant has met this burden, the plaintiff must show that it is "legally certain" that its recovery will not exceed the jurisdictional amount in order to justify remand. *De Aguilar*, 47 F.3d at 1412 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Specifically, the plaintiff must show 'that *at the time of removal* he was legally certain not to be able to recover' more than $75,000." *Puckitt v. Wells Fargo Bank, N.A.*, 3:09-cv-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995)). Subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest

the court of diversity jurisdiction; the "jurisdictional facts that support removal must be judged at the time of removal." *Gebbia*, 233 F.3d at 883.

In the instant case, Thompson has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  First, Thompson points out that Masco's petition identifies a total of $101,401.65 that it paid for Thompson's work on the engine, for which Masco seeks money damages representing its loss of the benefit of the bargain, including compensatory and incidental damages.   Although Masco submitted an unsworn, postremoval declaration from its General Manager, Junior Boykin, which calculated damages at only $69,171.07 (Docket Entry No. 12-1), that calculation did not include attorneys' fees, which Masco's petition explicitly sought under Tex. Civ. Prac. & Rem. Code § 38.001.  Such fees are to be included in determining the amount in controversy.  *Choate v. State Farm Mut. Auto. Ins. Co.*, 62 F.3d 395, 1995 WL 450253, at *3 (5th Cir. July 7, 1995).  Therefore, even if the Court were to accept Boykin's calculations, the amount in controversy would still exceed $75,000.  Masco's attempt to now disavow its right to attorneys' fees by arguing that maritime law governs the case is too late; as stated above, the Court must judge the facts at the time of removal.  *Gebbia*, 233 F.3d at 883.

Thompson also points to a pre-petition demand letter from Masco's counsel, Thomas Nork, as "summary judgment type evidence" that the amount in

controversy exceeds the threshold amount. *Manguno*, 276 F.3d at 723. The plain language of the letter states Masco's intent "to recover from [Thompson] all such damages, including recovery of all monies paid by [Masco] to [Thompson] which total approximately $101,401.65, in addition to miscellaneous costs and the cost of vessel downtime which together total approximately $39,525." (Docket Entry No. 1-1 at 10.) Thus, the letter provides further evidence that the amount in controversy exceeds $75,000.[1]

Based on the above, the Court finds that it has jurisdiction to hear the case under 28 U.S.C. § 1332(a).

## II.    Thompson's Motion to Transfer Venue

### A.  Motion to Dismiss or Transfer for Improper Venue

In its motion, Thompson first argues that venue is improper in the Southern District of Texas and the case should be dismissed or transferred to the Southern District of Alabama. Specifically, Thompson contends that venue cannot be established through Section 1391(b)(2), because a substantial part of the alleged events or omissions in this case did not occur in the Southern District of Texas. In response, Masco argues that a substantial part of the alleged events did occur in

---

[1] Given that the demand letter is utilized for jurisdictional purposes, the Court rejects Masco's argument that it is inadmissible under Federal Rule of Evidence 408. *See Robinson v. Radio One, Inc.*, No. 3:09-CV-1203-O, 2009 WL 4597978, at *3–4 (N.D. Tex. Dec. 7, 2009) (citing *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917, at *1 n.5 (5th Cir. 2002)). The Court also rejects Masco's argument that the letter is inadmissible under Federal Rule of Evidence 901 because it was properly authenticated through testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1).

this District, and that, in any event, Thompson resides in the District, therefore making venue proper under Section 1391(b)(1).

Both parties miss the mark.  "In actions removed from state court, venue is *automatically proper* in the federal district court located where the state action was pending."  Hon. David Hittner et al., *Federal Civil Procedure Before Trial, 5th Circuit Edition* ¶ 4:394 (2011) (emphasis in original); *see also* 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3732 (4th ed. 2012).  This is because "[v]enue in removed cases is governed solely by the removal statute, 28 U.S.C. § 1441(a), not § 1391, the general venue statute."  *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, H-05-CV-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953)).  Since Section 1441 provides that civil actions may be removed to "the district and division embracing the place where such action is pending," it is immaterial whether the federal court to which the action is removed would have been a proper venue if the action originally had been brought there.  28 U.S.C. § 1441(a); Wright, *supra*, § 1372; Hittner, *supra*, ¶ 4:394.

Venue is thus proper here given Thompson's voluntary application for removal.

### B. Alternative Motion to Transfer Venue

Despite the propriety of venue in this Court, Thompson can still argue that the case should be transferred to Alabama pursuant to 28 U.S.C. § 1404(a).  That section provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience.  *Republic Capital*, 2005 WL 3465728, at *8 (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  The plaintiff's initial choice of forum is entitled to deference, and an even higher degree of deference when he has chosen his home forum.  *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56) (1981)).  "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

In applying the provisions of Section 1404(a), the first determination is whether the judicial district to which transfer is sought is a district in which the claim could have been filed.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  Given that Thompson's contacts in the Southern District of Alabama would

be sufficient to subject it to personal jurisdiction there if that district were a separate state, Thompson is deemed a resident of the Southern District of Alabama under 28 U.S.C. § 1391(d), and venue would have been supportable based on Section 1391(b)(1).

Having established that the case could have originally been brought in the Southern District of Alabama, the Court now turns to the issues of "the convenience of parties and witnesses" and "the interest of justice."  28 U.S.C. § 1404(a).  The Fifth Circuit evaluates convenience transfers by weighing a number of private and public interest factors, none of which are given dispositive weight.  *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).  Specifically, the Fifth Circuit has articulated the factors as follows:

> The private concerns include:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

The Court considers the private concerns to be a wash.  As Masco points out, the case involves a multistate commercial transaction that was carried out in at least three states and at least four judicial districts.  Accordingly, the sources of

proof and witnesses are likely scattered among Freeport, Texas (Masco's principal place of business), Birmingham, Alabama (Thompson's principal place of business), Mobile, Alabama (where Thompson performed repairs on the engine), and Cameron, Louisiana (where Thompson conducted sea trials).  Transferring venue from Galveston to Mobile would do no more than to shift the burden from Thompson to Masco and would run counter to Section 1404(a)'s principle of affording deference to a plaintiff's choice of forum.

Moreover, the Court does not anticipate overly burdensome discovery demands in any jurisdiction given the nature of the contract dispute, nor does Thompson specify any such burdensome demands.  Additionally, with respect to the ability to compel witness attendance, Thompson does not identify any nonparty witnesses residing in Alabama who would be able to escape this Court's subpoena power under Rule 45(c)(3)(ii).  And, in any event, to the extent such witnesses live in Birmingham, Alabama, they too would be able to quash any subpoena, other than one commanding attendance at trial, issued by the Southern District of Alabama given the distance between Mobile and Birmingham.  *See* Fed. R. Civ. P. 45(c)(3)(ii).

The Court further finds that the public interest factors weigh slightly in favor of this Court retaining jurisdiction.  In terms of court congestion, even though the Southern District of Alabama has roughly 40% fewer cases per judge than the

Southern District of Texas, the Galveston Division is unusual in its near absence of criminal cases, which frees this Court for trial and other court settings.  In fact, whereas an average of 111 criminal felony cases were filed per judge in the Southern District of Alabama in 2011 (Docket Entry No. 12-8), only five have been filed so far in this Court this year.  The Court also notes that civil cases reached disposition roughly fifty days faster in the Southern District of Texas than the Southern District of Alabama in 2011.  (*See id.*)

The Court finds Thompson's arguments regarding "localized interests" to be unavailing.  The Galveston Division has as much, if not more, of an interest as the Southern District of Alabama in a case involving allegedly faulty services provided to a plaintiff based in Galveston's jurisdiction, especially since the Defendant is not even based in the Southern District of Alabama.  Finally, regardless of whether Texas, Alabama, or maritime law applies, the case does not appear to involve difficult questions of state law that would strongly weigh in favor of transfer.

Therefore, since the "transferee venue is not clearly more convenient than the venue chosen by the plaintiff," the Court finds that Masco's decision to litigate this case in its home forum should be respected.  *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

### III.    Conclusion

For the reasons above, the Court **DENIES** Masco Operators, Inc.'s Motion to Remand (Docket Entry No. 13) and **DENIES** Defendant's Rule 12 Motion to Dismiss and Transfer Venue or, in the Alternative, Motion to Transfer Venue (Docket Entry No. 5).  This case will proceed in the Southern District of Texas.


SIGNED this 23rd day of July, 2012.

_____
Gregg Costa
United States District Judge